CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAR 1 3 2012

JULIA C. DUDLEY, CLERK
BY: /s/ Fay Cohen
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CYNTHIA L. FOULKE,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>VIRGINIA STATE POLICE, ET AL.,<br><br>　　　　　　　　　　　　Defendants. | CIVIL ACTION No. 6:12-CV-00006<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Proceeding *pro se*, Plaintiff[1] filed the instant complaint under 42 U.S.C. § 1983 alleging that her rights to due process were violated when her car was towed and stored without pre-seizure notice or a post-seizure hearing. The complaint names as Defendants the Virginia State Police (the "VSP") and the Commonwealth of Virginia (the "Commonwealth"), both of which, as explained herein, are entitled to sovereign immunity under the Eleventh Amendment. Accordingly, I must grant Defendants' motion to dismiss for lack of subject matter jurisdiction.[2]

I.

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for

---

[1] Plaintiff's e-mail address, included in the signature portion of her complaint, suggests that she is an attorney, and she is listed as an active member of the Virginia State Bar. Accordingly, Plaintiff's filings are not entitled to the extra measure of liberal construction and judicial solicitude usually accorded to those filed by pro se plaintiffs.

[2] Defendants' motion to dismiss is set for a hearing on March 15, 2012. However, a hearing on the instant motion to dismiss is unnecessary, and the order accompanying this memorandum opinion will direct the Clerk of the Court to cancel the hearing, in accordance with Federal Rule of Civil Procedure 78(b). *See also* W.D. Va. Civ. R. 11(b). Because Plaintiff has filed an amended complaint, and summonses have been issued to a number of newly added Defendants (named in official and individual capacities), the complaint will not be stricken from the court's active docket.

dismissal of an action based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Where sovereign immunity bars the claim, a federal court lacks subject matter jurisdiction and must dismiss the case. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480-81 (4th Cir. 2005). A plaintiff "has the burden of proving that subject matter jurisdiction exists." *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The moving party's motion to dismiss should be granted when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (internal citation omitted).

## II.

Plaintiffs' claims against the Commonwealth and the VSP must be dismissed for lack of subject matter jurisdiction because the claims are barred by the Eleventh Amendment, which bars private citizens from suing a state in federal court. *See Hans v. Louisiana*, 134 U.S. 1 (1890); *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). "[T]he essence of the [Eleventh Amendment] immunity is that the State cannot be sued in federal court at all, even where the claim has merit, and the importance of immunity as an attribute of the States' sovereignty is such that a court should address that issue promptly once the State asserts its immunity." *Constantine*, 411 F.3d at 482 n. 4. The Eleventh Amendment also bars claims against state agencies, such as the VSP. *See id.* at 479.

Federal courts have subject matter jurisdiction over a suit by a private individual against a state only when (1) the state consents to be sued in federal court or (2) Congress has abrogated the states' Eleventh Amendment immunity through a "clear expression of legislative intent to abrogate" exercised pursuant to Congress's power under § 5 of the Fourteenth Amendment. *CSX Transp., Inc. v. Board of Public Works of W. Va.*, 138 F.3d 537, 539-40 (4th Cir. 1998)

Case 6:12-cv-00006-NKM-RSB  Document 18  Filed 03/13/12  Page 2 of 4  Pageid#: 55

(citing *Seminole Tribe v. Florida*, 517 U.S. 44, 58 (1996)). Although 42 U.S.C. § 1983, the statute under which Plaintiff is claiming federal jurisdiction in this case, is the appropriate vehicle by which individuals can sue in federal court for "the deprivation of any rights, privileges, or immunities secured by the Constitution," Congress has not abrogated the states' Eleventh Amendment immunity with regard to § 1983. *Quern v. Jordan*, 440 U.S. 332 (1976). Nor has the Commonwealth waived its sovereign immunity to § 1983 actions. *See Dowdy v. Virginia*, Civil Action No. 7:11-cv-00492, 2011 WL 5075607 *2 (W.D. Va. Oct. 25, 2011)

In response to the motion to dismiss, Plaintiff contends that, despite the Eleventh Amendment, injunctive relief is still available in federal court under the exception set forth in *Ex parte Young*, 209 U.S. 123 (1908), "which permits a federal court to issue prospective, injunctive relief against a *state officer* to prevent ongoing violations of federal law," *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010) (emphasis added). However, this exception only applies to suits against individuals acting as officers of the state.[3] *See Ex parte Young*, 209 U.S. at 155-56; *McBurney*, 616 F.3d at 399.

Because Plaintiffs' claims against the Commonwealth and the VSP are barred by the Eleventh Amendment, the Commonwealth and the VSP will be dismissed as Defendants in this matter.

### III.

For the stated reasons, Plaintiff's claims against the Commonwealth and the VSP will be

---

[3] Injunctive relief is not available against a state *or* its agency, thus Plaintiff's claim against the VSP for injunctive relief is also barred by the Eleventh Amendment. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-2 (1984)

-3-

Case 6:12-cv-00006-NKM-RSB   Document 18   Filed 03/13/12   Page 3 of 4   Pageid#: 56

dismissed for lack of subject matter jurisdiction.

Entered this 13th day of March, 2012.

                                             NORMAN K. MOON
                                             UNITED STATES DISTRICT JUDGE