**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | |
|---|---|
| CYNTHIA L. FOULKE, | CIVIL ACTION NO. 6:12-CV-00006 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| VIRGINIA STATE POLICE, ET AL., | |
| *Defendants.* | JUDGE NORMAN K. MOON |

The *pro se* Plaintiff filed a second amended complaint under 42 U.S.C. § 1983 alleging that her rights to due process had been violated when her car was towed and stored without pre-seizure notice or a post-seizure hearing. I granted Defendants' motion to dismiss for failure to state a claim upon which relief can be granted and struck the matter from the court's active docket.[1] Thereafter, Plaintiff timely filed a motion for reconsideration (docket no. 52) and a motion requesting leave to file a third amended complaint (docket no. 53). For the reasons stated herein, the motions will be denied.

### I.

A motion under Rule 59(e) of the Federal Rules of Civil Procedure may be granted if necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "In general

---

[1] I had previously granted a motion to dismiss the claims against the Commonwealth and the Virginia State Police pursuant to the doctrine of sovereign immunity.

'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id*. (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2d ed.1995)). Such a motion "'may not be used to relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment.'" *Id*. (quoting Wright et al., *supra*, § 2810.1, at 127–28). And, significantly, a litigant's "mere disagreement" with a district court's findings and conclusions "does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *see also United States v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Hutchinson*).

Here, Plaintiff's motion states her "mere disagreement" with my earlier findings. As I thoroughly discussed the facts in my opinion dismissing the case, I will not reiterate them here. I observe that it seems pretty clear to me that Plaintiff was treated shabbily, and that towing her car was unwarranted. However, Plaintiff was not deprived of procedural due process, given that she could have pursued her claims in state court, and she acknowledges that she could have pursued her claims in state court.[2]

The Fourteenth Amendment provides that, "no state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend XVI § 1. Where a deprivation of property results from an established state procedure, due process requires the state to provide a pre-deprivation hearing, *see Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); however, in certain circumstances, the availability of meaningful post-deprivation procedures satisfies the requirements of due process, such as here, where it is impractical to provide a

---

[2] At the hearing on the motion to dismiss, when I suggested to Plaintiff that she could have pursued state court remedies, Plaintiff replied, "I chose here because I strongly believe based on the circumstances [that] Steve Martin [her neighbor, who allegedly called the police to complain that Plaintiff's parked vehicle was blocking his ability to use the road] knows all the state police."

meaningful hearing prior to an alleged deprivation, *see Parratt v. Taylor*, 451 U.S. 527, 538 (1981) (due process satisfied by post-deprivation remedies when a deprivation is caused by the random, unauthorized acts of a state employee).[3] The rule in *Parratt* applies with equal force to intentional as well as negligent deprivations by state employees. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (due process satisfied by post-deprivation remedy to redress intentional destruction of personal property by prison guard during a "shakedown").

Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act (the "VTCA"), Va. Code § 8.01–195.3, Virginia has waived sovereign immunity for damages for "negligent or wrongful" acts of state employees acting within the scope of employment. The Fourth Circuit has held that the VTCA

---

[3] To establish a violation of procedural due process, Plaintiff must show that (1) she had a property interest (2) of which a Defendant deprived her, (3) without due process of law. *Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 328 (4th Cir. 2005) (citing *Sylvia Dev. Corp. v. Calvert Cnty., Md.*, 48 F.3d 810, 826 (4th Cir. 1995)). Procedural due process requires, at a minimum, fair notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). In order to determine whether an individual has received fair notice, a court "must examine the relevant facts of each case." *United States v. Hoechst Celanese Corp.*, 128 F.3d 216, 224 (4th Cir. 1997). Beyond the minimum requirements of notice and an opportunity to be heard, due process is "flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). As previously explained, and repeated above, Plaintiff was not deprived of procedural due process, as she could have resorted to the adequate post-deprivation remedies offered by the state under the Virginia Tort Claims Act.

As for substantive due process, the government runs afoul of that only when its actions shock the conscience. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845-47 (1998); *Young v. City of Mount Ranier*, 238 F.3d 567, 574 (4th Cir. 2001). In other words, the protections of substantive due process extend only to "state action so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any predeprivation procedural protections or of adequate rectification by any post-deprivation state remedies." *Rucker v. Harford Cnty.*, 946 F.2d 278, 281 (4th Cir.1991). To shock the conscience, "the conduct must be 'intended to injure in some way unjustifiable by any government interest.'" *Hawkins v. Freeman*, 195 F.3d 732, 742 (4th Cir. 1999) (en banc) (quoting *Lewis*, 523 U.S. at 849).

I cannot conclude that Defendants' conduct violated Plaintiff's substantive due process rights. First, Plaintiff had post-deprivation procedures available to remedy the towing of her vehicle. Accordingly, the actions were not "literally incapable of . . . adequate rectification by any post-deprivation state remedies." *Rucker*, 946 F.2d at 281. Moreover, the towing of her car was simply not so unjust that no amount of fair procedure could rectify it.

and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. *See Wadhams v. Procunier*, 772 F.2d 75, 78 (4th Cir. 1985). As I have noted, Plaintiff does not deny that she could have pursued her claims in state court. Thus, Plaintiff cannot allege that she has been denied post-deprivation procedures to redress the loss of her property, and she has not stated a constitutional claim. The availability of a tort action in state court fully satisfies the requirement of meaningful post-deprivation process, and Plaintiff cannot state a claim for the loss of her property under the Fourteenth Amendment.[4] "Section 1983 was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law," *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985), and Plaintiff's allegations do not state a constitutional claim, *see* Va. Code § 8.01–195.3 (describing the VTCA).

## II.

A district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006); *see also Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011). As I am denying Plaintiff's motion for reconsideration, I must deny her motion for leave to file a third amended complaint (docket no. 53).[5]

---

[4] Additionally, a state's failure to abide by its own procedural laws is not a federal due process issue. *See Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990).

[5] As stated in *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011), "[t]o determine whether vacatur is warranted," a court "need not concern itself" with the legal standards of Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

(continued...)

## III.

For the stated reasons, Plaintiff's motions (docket nos. 52 & 53) will be **DENIED**.

The Clerk of the Court will be directed to send a certified copy of this memorandum opinion and the accompanying order to the *pro se* Plaintiff and to all counsel of record.

It is so **ORDERED**.

Entered this ___21st___ day of March, 2013.

                                                */s/ Norman K. Moon*
                                                NORMAN K. MOON
                                                UNITED STATES DISTRICT JUDGE

---

[5](...continued)

    The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a). In other words, a court should evaluate a postjudgment motion to amend the complaint "under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." [*Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)]; *accord Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: "[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (internal quotation marks omitted).

*Katyle*, 637 F.3d at 471.

    Futility is the crucial factor here. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (a court properly may refuse to allow leave to amend pleadings when the proposed changes would be futile). Plaintiff's motion for leave to amend states that

    [t]he third amended complaint removes the named defendants Decker and Polarek, adds facts discussed during the [parties'] oral hearing, corrects/updates the addresses of defendants Hopkins and Hollandsworth, removes the conspiracy allegations, removes the request for punitive damages, corrects certain typographical errors and otherwise amended [sic] to reduce the issues and expedite discovery and resolution.

    In other words, the only amendment that *adds* anything is that Plaintiff's proposed third amended complaint "adds facts discussed" at the oral hearing on the motion to dismiss. However, in my memorandum opinion accompanying the order granting the motion to dismiss the case and strike it from the court's active docket, I specifically took note of those additional factual allegations.